UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CONAN WHITE FACE,<br><br>     Petitioner,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | CIV. 15-5020-KES<br><br>ORDER DISMISSING PETITION |

  Petitioner, Conan White Face, filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States filed its answer and moves to dismiss White Face's petition arguing that it is time barred. White Face did not respond to the motion to dismiss.

  White Face was sentenced on November 4, 2003, to 151 months in custody after pleading guilty to a second-degree murder charge. He did not file a notice of appeal. More than ten years after judgment was entered, White Face filed his first petition for § 2255 relief. He alleges three grounds for relief: that he was illegally charged and convicted under § 1153, that there was not sufficient evidence to support his conviction, and that there was not sufficient evidence to support an indictment.

  To bring a § 2255 motion, a petitioner must satisfy the timing requirements as set forth in 28 U.S.C. § 2255(f). That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

White Face has not shown any newly discovered evidence, a right newly recognized by the United States Supreme Court, or any impediment as to why he could not have filed his petition earlier.  Because his petition was filed more than one year after his judgment of conviction became final, it is untimely and must be dismissed for failure to state a claim for § 2255 relief.  Therefore, it is

ORDERED that the United States' motion to dismiss (Docket 8) is granted.

Dated June 5, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE